# EXHIBIT "A"

|  |  |  |
|---|---|---|
| RETURN DATE: July 26, 2022 | : | SUPERIOR COURT |
| MARK A. HYLTON, ET AL | : | J.D. OF STAMFORD |
| VS. | : | AT STAMFORD |
| EDISON J. PAUTA, FED EX GROUND PACKAGE SYSTEM, INC | : | JUNE 22, 2022 |

## COMPLAINT

### FIRST COUNT (Edison J. Pauta and Fed Ex)

1. At all times, the Plaintiff, Mark A. Hylton was a resident of Stamford CT.

2. At all times relevant, the Defendant, Edison J. Pauta resided in Elmsford, New York.

3. At all times relevant, Defendant Pauta was operating a tractor trailer truck owned by Defendant Fedex Ground Package System, Inc., (a/k/a "Fedex"), having its principal place of business in Coraopolis / Moon Township, PA.

4. At all times relevant, Defendant Pauta was operating Defendant Fedex's tractor trailer, within the scope of his authority, and /or as the employee, agent, or servant of Defendant Fedex.

5. At all times, Defendant Pauta was operating Defendant Fedex's truck with permission.

6. On July 6, 2020, Mark Hylton had been operating his vehicle in a general northbound direction on I-95 when he pulled off the travel portion of the road and stopped his vehicle in the right shoulder in the area near Exit 16 in Norwalk, Connecticut.

7. At the time, Mark Hylton's vehicle was completely off of the travel portion of the road.

8. On said date and time, Defendant Pauta was operating his tractor trailer in the northbound right lane of I-95 when he left the travel portion of the road and entered the right shoulder area.

9. At said time and place, Defendant Pauta's truck collided with Mark Hylton's parked vehicle.

10. As a result of the Defendant's conduct, Mark Hylton sustained the following severe and painful injuries, some, or all of which are or may be permanent in nature:

{S7443565}

   a. Neck injury and neck surgery,

   b. Radiating pain and symptoms,

   c. Left shoulder injury and tear(s) and surgery,

   d. Radiating pain and symptoms,

   e. Back Injuries and pain,

   f. Sleep disturbance, pain, and suffering;

11. As a result of the injuries or the effects thereof, Mark Hylton was caused to undergo significant care and treatment, including surgeries to his neck and shoulder.

12. As a result of the above, Mark Hylton was rendered sore and disabled, has, and will continue to suffer from pain, discomfort, emotional upset, limitation of motion, and restriction of activity.

13. As a further result, Mark Hylton expended sums of money for medical care and attention including for but not limited to surgeries, x-rays and MRI's, physical therapy, medications, etc. and may be required to do so in the future, all to his financial loss and detriment.

14. As a further consequence, Mark Hylton's normal daily activities and enjoyments of life were impaired and will likely continue to be impaired in the future.

15. Plaintiff Mark Hylton's losses, damages, and injuries were caused by Defendant Pauta, for which Defendant Fedex is also vicariously liable, in that he negligently and/or carelessly operated the Fedex truck under the circumstances, and as such was a substantial factor in producing Mark Hylton's injuries and damages in one or more of the following ways:

   a. IN THAT he failed to drive in a proper lane and/or within a single lane under the circumstances;

   b. IN THAT he left his lane of travel and entered the shoulder area when such vehicular movement could not be made without a collision made under the circumstances;

c. IN THAT he operated his vehicle in violation of CGS Section 14-236;

d. IN THAT he was inattentive and failed to keep a reasonable and proper lookout;

e. IN THAT he failed to have his motor vehicle under proper and reasonable control;

f. IN THAT he operated his motor vehicle at a greater rate of speed that the circumstances then and there existing warranted and/or failed to reduce the speed of his motor vehicle under the circumstances;

g. IN THAT he failed to avoid the collision, stop, swerve, turn, or otherwise maneuver the vehicle under the circumstances;

h. IN THAT he failed to make use of his senses and faculties under the circumstances;

i. IN THAT he failed to sound the horn/ warn of his approach when reasonable care so required;

j. IN THAT he operated his motor vehicle while distracted; tired, while using a hand-held device either engaged in a call and/or reading and/or sending a message; and/or reading, and/or sending email; and/or using the internet;

k. IN THAT he operated his vehicle on said highway at a rate of speed greater than was reasonable, having regard to the width, traffic, use of the highway and weather conditions, in violation of C.G.S. §14-218a; and

l. IN THAT he collided with Mark Hylton's parked vehicle under the circumstances when he knew or should have known it would be unreasonable to do so.

16. As a result, Defendant Pauta is liable for Plaintiff's injuries and damages.

## SECOND COUNT : (STATUTORY DAMAGES AS TO EDISON J. PAUTA)

1-14. Paragraphs 1 through 14 of the First Count are hereby incorporated and made paragraphs 1 through 14 of this the Second Count, as if fully set forth herein.

15. The Defendant operated his tractor trailer at an unreasonable rate of speed under the circumstances in violation of Connecticut General Statutes Section 14-218a, and while so doing, collided with the Plaintiff's vehicle.

16. The Defendant deliberately or with reckless disregard operated his tractor trailer and lost control or left his lane of I-95 and at a high rate of speed, drove into the shoulder area, and such was a substantial factor in causing Plaintiff's injuries and endangering Plaintiff's life.

17. Defendant's tractor trailer is less maneuverable than a passenger sized vehicle and requires greater stopping distances and control issues at that speed on I-95.

18. No reason existed for Defendant Pauta to drive into the shoulder/break down lane on I-95 at the time and Defendant stated he never saw the Plaintiff's vehicle before the collision.

19. As a result of the substantial impact, multiple air bags exploded in Mark's vehicle, and both vehicles sustained extensive damage which required that both be towed from the scene.

20. As a result, Defendant Pauta violated Connecticut General Statutes Section 14-295.

21. As a result, Defendant Pauta is liable for double or treble damages for the injuries and damages sustained by the Plaintiff, Mark A. Hylton.

THE PLAINTIFF,
By: _____/s/_____
Kevin M. Greco
Carmody Torrance Sandak & Hennessey
1055 Washington Boulevard, 4th Floor
Stamford, CT 06901
Tel: (203) 425-4200
Fax: (203) 325-8608
Juris No. 435512

{S7443565}

| | | |
|---|---|---|
| RETURN DATE: July 26, 2022 | : | SUPERIOR COURT |
| MARK A. HYLTON, ET AL | : | J.D. OF STAMFORD |
| VS. | : | AT STAMFORD |
| EDISON J. PAUTA, FED EX GROUND PACKAGE SYSTEM, INC | : | JUNE 22, 2022 |

## PRAYER FOR RELIEF

Wherefore, the Plaintiff, claims:

1. Monetary damages in excess of Fifteen Thousand ($15,000.00) Dollars;

2. Double and Treble Damages under Count Two; and

3. Such further relief as the court finds equitable and proper.

THE PLAINTIFF,

By: _____/s/_____
Kevin M. Greco
Carmody Torrance Sandak & Hennessey
1055 Washington Blvd, 4th Fl
Stamford, CT 06901
Tel: (203) 425-4200
Fax: (203) 325-8608
Juris No. 435512

TO THE CLERK:
PLEASE ENTER THE APPEARANCE FOR THE PLAINTIFF:

KEVIN M. GRECO, Esq.
CARMODY TORRANCE SANDAK & HENNESSEY LLP
1055 Washington Blvd, 4th Fl
Stamford, CT 06901-1026
Tel: (203) 425-4200
Juris No.: 435512

{S7443565}